IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL A. BRUZZONE,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | No. 4:22-cv-00430-RGE-HCA<br><br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANT'S<br>MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiff Michael A. Bruzzone sues Defendant Intel Corporation. Intel moves to dismiss Bruzzone's claims under Federal Rule of Civil Procedure 12(b)(3) and (6).

For the reasons set forth below, the Court grants Intel's motion.

## II. BACKGROUND

The Court accepts the following facts as true for the purpose of analyzing Intel's motion to dismiss. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010).

Although difficult to decipher, Bruzzone's complaint and supplemental materials appear to allege Intel engaged in antitrust activities. *See generally* Compl., ECF No. 1; Suppl. Compl., ECF No. 4.

Now before the Court is Intel's motion to dismiss Bruzzone's complaint under Federal Rule of Civil Procedure 12(b)(3) and (6). Def.'s Mot. Dismiss, ECF No. 7. Bruzonne resists Intel's motion. Pl.'s Resist. Defs.' Mot. Dismiss, ECF No. 14. The parties did not request oral argument, and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b); LR 7(c). Having considered the parties' arguments and the applicable law, the Court grants Intel's motion.

Additional facts are set forth below as necessary.

## III. LEGAL STANDARDS

### A. Federal Rules of Civil Procedure 12(b)(3)

A party may file a pre-answer motion to dismiss for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3). "Rule 12(b)(3) allows dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Id.* Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Atl. Marine Const. Co.*, 571 U.S. at 56. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.*

### B. Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "The essential function

of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). The Court must accept as true all factual allegations in the complaint, but not its legal conclusions. *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 555–56). "In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).

A plausible claim for relief "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. Plaintiffs must "nudge[ ] their claims across the line from conceivable to plausible, [else] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Pro se complaints must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## IV. DISCUSSION

Intel moves to dismiss Bruzzone's complaint, arguing venue is improper and Bruzzone "fails to satisfy the Rule 8 pleading standard." ECF No. 7 at 9. Bruzzone resists. ECF No. 14. The Court concludes Intel has failed to carry the burden of proving venue is improper and Bruzzone

3

fails to state a claim upon which relief may be granted.

A. Venue

Intel moves to dismiss for improper venue, arguing Intel is not incorporated in Iowa, its principal place of business is not in the Southern District of Iowa, and there is no nexus between Bruzzone's allegations and the Southern District of Iowa. *See* ECF No. 7 at 10–11; Def.'s Reply Supp. Mot. Dismiss 5–6, ECF No. 16. Bruzzone appears to resist, suggesting the case be transferred. ECF No. 14 at 6.

In the Eighth Circuit, a defendant who moves to dismiss a complaint for improper venue bears the burden of showing venue is improper. *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947); *but see Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963) (finding the district court did not err by concluding the plaintiff had the burden of establishing proper venue once the defendant challenged venue). Under the prior panel rule, *Orshek* is controlling. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011).

Intel contends venue is improper "in the Southern District of Iowa as [Bruzonne] cannot allege Intel 'resides' in the [Southern] District, or that a substantial part of the events giving rise to the suit occurred there." ECF No. 16 at 5; *see also* ECF No. 7 at 10–11. Bruzzone concedes he chose to file his complaint in the Southern District of Iowa, "hoping for a neutral hearing venue." ECF No. 14 at 6. The complaint cites to "42 U.S.C. § 1985(1)(2)(3)" to support its filing in the Southern District of Iowa. ECF No. 1 at 10.

Although the complaint fails to sufficiently allege facts to establish venue is proper in the Southern District of Iowa and Bruzzone's arguments resisting Intel's Rule 12(b)(3) motion are unavailing, the Court concludes Intel has not carried its burden demonstrating venue is improper. Intel presents no evidence to assist the Court with determining whether this matter "falls within one of the three categories set out in § 1391(b)." *Atl. Marine Const. Co.*, 571 U.S. at 56. Instead,

Intel argues Bruzzone "does not and cannot allege" Intel is a resident of Iowa and Bruzzone "does not, and cannot, allege facts showing any nexus between the allegations of the Complaint and any activity or occurrence in the Southern District of Iowa." ECF No. 7 at 10–11. These arguments are insufficient to meet the burden. Accordingly, the Court declines to dismiss the action for improper venue.

To the extent Bruzzone suggests the case be transferred, the Court denies the request. "A resistance to a motion may not include a separate motion or a cross-motion by the responding party." LR 7(e). Further, because the Court dismisses the compliant without leave to amend—as explained below—the Court finds it would not be in the interest of justice to transfer this case. *Cf. Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (evaluating a transfer motion "requires a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors," including the interests of justice).

### B.     Failure to State a Claim

Intel moves to dismiss Bruzzone's complaint for failing to state a claim. ECF No. 7 at 9–10; ECF No. 16 at 4–5. Federal Rule of Civil Procedure 8(a)(2) requires a pleading "contain a short and plain statement of the claim showing that the pleader is entitled to relief."

Bruzzone's complaint and supplemental materials are unintelligible, consisting of vague, conclusory, and nonsensical sentences. Bruzzone fails to "give [Intel] fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian*, 760 F.3d at 848 (internal quotation marks and citation omitted). Bruzzone's claims must be dismissed.

Further, Bruzzone's claims are virtually indistinguishable from those made in his previous lawsuits. *See* Def.'s Ex. 28 Supp. Mot. Dismiss 2–4, ECF No. 7-30 (summarizing Bruzzone's litigation against Intel through 2018). This action also fails to state a claim on which relief may be

granted and must be dismissed as frivolous.

The Court dismisses Bruzzone's complaint with prejudice because amendment would be futile. *Cf. Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) ("A district court may appropriately deny leave to amend where there are compelling reasons such as . . . futility of the amendment." (internal quotation marks and citations omitted)).

The Court dismisses this action for failure to state a claim.

## V. CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part Intel's motion. This matter is dismissed with prejudice.

**IT IS ORDERED** that Defendant Intel Corporation's Motion to Dismiss, ECF No. 7, is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

Dated this 14th day of April, 2023.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE